[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 24, 2010
JOHN LEY
CLERK

No. 10-12068
Non-Argument Calendar

_____

D.C. Docket No. 9:08-cr-80103-DTKH-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SEDRICK LAWSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 24, 2010)

Before BARKETT, HULL and FAY, Circuit Judges.

PER CURIAM:

Sedrick Lawson, proceeding *pro se*, appeals from the district court's order

denying his *pro se* motion to reduce his sentence, pursuant to 18 U.S.C.

§ 3582(c)(2) and Amendment 706 to the Sentencing Guidelines. On appeal, Lawson argues that the court erred in finding that it lacked authority to grant his motion to reduce his sentence because he was sentenced as a career offender, under U.S.S.G. § 4B1.1. Relying on the U.S. Supreme Court's decision in *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), Lawson argues that the sentencing disparity between crack and powder cocaine offenses is unwarranted, and that it reflects racial bias against African Americans. Lawson also asserts that his 262-month sentence violates the Eighth Amendment's protection from cruel and unusual punishment, because it over-represents the seriousness of his crime.

In his reply brief, Lawson contends that the district court erred by sentencing him as a career offender at his initial sentencing, because his previous conviction for attempted possession of cocaine was not a qualifying predicate offense.

For the reasons set forth below, we affirm.

## I.

In December 2008, a jury convicted Lawson of distributing crack cocaine, in violation of 21 U.S.C. § 841(a)(1).

According to the pre-sentence investigation report ("PSI"), Lawson was responsible for 3.5 grams of crack cocaine. Lawson's criminal history showed that he had sustained four previous drug-trafficking convictions, including a a 2006 conviction for attempt to possess cocaine. In calculating Lawson's guideline range, the probation officer found that, pursuant to the drug quantity table set forth in U.S.S.G. § 2D1.1(c), Lawson's base offense level would be 20, because he was responsible for 3.5 grams of crack cocaine. The officer also found, however, that Lawson's previous drug-trafficking convictions qualified him as a career offender under U.S.S.G. § 4B1.1. Accordingly, the officer determined that, because Lawson was a career offender, and the statutory-maximum penalty for his offense was 30 years' imprisonment, his base offense level was 34. Based on a total offense level of 34, and a criminal history category of VI, the probation officer found that Lawson's guideline range was 262 to 327 months' imprisonment.

Although the record does not include a transcript of Lawson's sentencing hearing, the parties agree that the court sentenced Lawson as a career offender. The court sentenced Lawson to a term of 262 months' imprisonment.

Lawson filed the present motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 706, which retroactively reduced

the offense levels applicable to crack-cocaine offenses by two levels. In his motion, Lawson generally argued that § 3582(c)(2) and Amendment 706 provided the court with the authority to retroactively reduce his guideline range. Relying on *Kimbrough*, Lawson also argued that his 262-month sentence resulted from an unwarranted, and racially discriminatory, disparity between the sentences imposed for powder and crack cocaine offenses. Lawson further asserted that, in light of the disparity between his 262-month sentence and the relatively small amount of crack cocaine that he had possessed, his sentence violated the Eighth Amendment's prohibition on cruel and unusual punishment.

The court entered an order denying Lawson's motion. The court found that Lawson's guideline range had been calculated based on his status as a career offender under § 4B1.1, and not based on the drug quantity table set forth in § 2D1.1(c). Relying on our decision in *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008), *cert. denied*, 129 S.Ct. 1601, *and cert. denied, McFadden v. United States*, 129 S.Ct. 965 (2009), the court determined that, because Lawson was sentenced based on his status as a career offender, a sentence reduction would not be consistent with the Sentencing Commission's applicable policy statements, as set forth in U.S.S.G. § 1B1.10(a)(2)(B). Accordingly, the court concluded that

4

a sentence reduction was not appropriate in Lawson's case, and denied his motion under § 3582(c)(2).

## II.

In the context of a proceeding under 18 U.S.C. § 3582(c)(2), we review *de novo* a district court's conclusions regarding the scope of its authority under the Sentencing Guidelines. *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002).

Pursuant to § 3582(c)(2), a defendant whose "sentencing range . . . has subsequently been lowered by the Sentencing Commission" may move the district court to reduce his sentence. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* A sentence reduction is not consistent with the Commission's policy statements where an amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Amendment 706, which was made retroactive by the Sentencing Commission, lowered the base offense levels applicable to crack-cocaine offenses, as set forth in the drug quantity table in § 2D1.1(c). *See* U.S.S.G., App. C, Amend. 706; *Moore*, 541 F.3d at 1325.

In *Moore*, we held that, where a defendant's offense level is calculated based on the career-offender provision in § 4B1.1, rather than the drug quantity table in § 2D1.1(c), Amendment 706 does not have the effect of lowering the defendant's applicable guideline range. 541 F.3d at 1330. As a result, such a defendant is not eligible for a sentence reduction under § 3582(c)(2), and the district court lacks the authority to grant a reduction. *Id.* In addition, where a defendant is not otherwise eligible for a sentence reduction under § 3582(c)(2), a U.S. Supreme Court decision, standing alone, does not provide the court with the authority to reduce the defendant's sentence. *United States v. Moreno*, 421 F.3d 1217, 1220-21 (11th Cir. 2005). A proceeding under § 3582(c)(2) does not contemplate a *de novo* resentencing of the defendant, and "all original sentencing determinations [must] remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000); *see also Dillon v. United States*, 560 U.S. ___, ___, 130 S.Ct. 2683, 2693-94, ___ L.Ed.2d ___ (2010) (holding that § 3582(c)(2) permits a district court only to substitute an amended guideline for the guideline used at the original sentencing, and that a court lacks the authority to correct mistakes in a defendant's original sentence).

Here, the district court correctly found that it lacked the authority to grant Lawson's motion for a sentence reduction under § 3582(c)(2) and Amendment 706. Amendment 706 did not have the effect of lowering Lawson's guideline range, because his guideline range was based on his status as a career offender. *See Moore*, 541 F.3d at 1330. Moreover, the Supreme Court's decision in *Kimbrough*, standing alone, did not provide the court with authority to reduce Lawson's sentence. *See Moreno*, 421 F.3d at 1220-21. Although Lawson argues that the court incorrectly found that he qualified as a career offender, and that his sentence violates the Eighth Amendment, both of these issues lay outside the limited scope of a § 3582(c)(2) proceeding, and the court lacked authority to address these arguments. *See Bravo*, 203 F.3d at 781-82.[1]

**AFFIRMED.**

---

[1] Moreover, we note that Lawson did not raise the issue of whether he was incorrectly sentenced as a career offender until he filed his reply brief. Accordingly, even if this argument were meritorious, we would not address it. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (holding that we do not address an argument raised for the first time in a litigant's reply brief).